## Onias C. Skinner

*v.*

## John B. H. Fulton.

1. ACKNOWLEDGMENT OF DEEDS *in other States—certificate of conformity.* Where a deed for land in this State is acknowledged in another State, the certificate of conformity must be under the seal of the court. It is not sufficient that a scroll is used, instead of a seal, the clerk making the certificate, stating that the scroll is used instead of the seal of the court, which had been lost.

2. PROOF OF THE EXECUTION OF DEEDS *under the twentieth section of the conveyance act.* In the certificate of a clerk of the proof of the execution of a deed, under the twentieth section of the conveyance act, the clerk referred to a person as a subscribing witness to the deed, when it appeared he was not a subscribing witness, but was one of the witnesses by whom the handwriting of the grantors and the subscribing witnesses was proved. This was regarded as a mere clerical error, which would not vitiate the certificate, it being otherwise sufficient.

3. The sections referred to, provide the mode of certifying the proof of the execution of a deed, in a case where the grantor and the subscribing witnesses are dead or "cannot be had." In this case a deed was executed in Jefferson county, Virginia, and the proof of its execution taken in Boone county, Kentucky, and the certificate of the proof of its execution shows that the witnesses by whom the signatures of the grantor, and the subscribing witnesses were proven, stated that one of the latter went to Kanawha, in Virginia, about forty years before the time they were testifying, and had not since been heard from. This was sufficient to show that such absent subscribing witness "could not be had."

4. It seems that where a deed for land in this State was executed in another State, the proof of its execution may be taken and certified under the twen

tieth section mentioned, in a State foreign to that in which the deed was executed and to the State where the land lies.

5. Proof of heirship—*what is sufficient proof that certain persons are the only heirs of another.* Proof that certain persons are the only children who survived their father does not establish the fact that they are his only heirs. It may be that the ancestor had other children who died before he did, leaving issue who survived their grandfather. It should be shown whether he left such grandchildren, and leave the law to decide who are the heirs.

6. Identity of names. In proving that one of the grantors in a deed was the daughter and heir at law of the former owner of the land, it was proven that she was married to Peyton Brown. The deed was signed by John P. Brown and his wife; and, in the deed, John P. Brown was described as the husband of Mary Elizabeth Fulton, the latter being the family name of the one from whom it was claimed she inherited. It was considered reasonable to infer that John P. and Peyton Brown were one and the same person.

7. Tax deed—*when it must be sustained by proof of regularity of the tax sale.* The act of 1835, in regard to road tax, does not declare that a tax deed, made in pursuance thereof, shall be *prima facie* evidence of the regularity of the sale, or that the requisite steps had been taken to authorize it.

8. So, where a tax deed, executed under that law, is relied upon as evidence of title, there must be preliminary proof of all the statutory prerequisites to a valid sale, or the deed will not be admissible in evidence.

Appeal from the Circuit Court of Hancock county.

This was an action of ejectment commenced in the court below by John B. H. Fulton against Onias C. Skinner, to recover the north-east quarter of section twenty-six, in township four, north of range seven west, situate in Hancock county.

The plaintiff gave in evidence the patent for the land from the United States to John Stephens, bearing date May 28, 1818. He then offered in evidence a deed from John Stephens to Robert Fulton, dated December 1, 1818. The defendant insisted that the grantee's name in this deed was written "Fultoz," and not "Fulton," and the original deed was produced in this court for inspection. Objection was also taken to the authentication of the deed. It purports to have been "signed, sealed and delivered in presence of Robt. Y. Jack, James Fulton, Jno. Carlile," as subscribing witnesses. Attached to the deed were the following certificates:

"STATE OF VIRGINIA,
"JEFFERSON COUNTY, } *To wit:*

"I, Robert Gates Hite, clerk of the said County Court of Jefferson, do hereby certify that at a court held for the said county, the 26th day of April, 1819, the foregoing deed was acknowledged by John Stephens, party thereto, and ordered to be certified to the territory of Illinois.

"In testimony whereof, I have hereunto set my hand and affixed the public seal of my office this 28th day of September, 1819, and in the forty-fourth year of the Com-[L. S.] monwealth of Virginia.

"ROBERT G. HITE, *Clerk.*"

"VIRGINIA, JEFFERSON COUNTY, *To wit:*

"I, Richard Bagler, presiding magistrate of the said county of Jefferson, do hereby certify that Robert Gates Hite hath been duly elected and qualified clerk of the court of the said county of Jefferson, and that the foregoing attestation is in due form.

"Given under my hand and seal this 28th day of September, 1819."
[L. S.]

"STATE OF VIRGINIA,
"COUNTY OF JEFFERSON, } *Sct.*

"I, Thomas A. Moore, clerk of the County Court of said county, hereby certify that it appears from the records of said court that Robert G. Hite, who appears to have given the above certificate under the seal of the said court, was at the date thereof, viz.: the 28th day of September, A.D. 1819, clerk of the said court, and that all his official acts as such are entitled to full faith and credit.

"Given under my hand and the seal of the said court, this 21st day of July, A.D. 1853.
[L. S.]

"T. A. MOORE, *Clerk.*"

"I, Braxton Davenport, presiding justice of the County Court of Jefferson county, in Virginia, hereby certify that Thomas A. Moore, who has given the above certificate under the seal

of said court, is clerk of said court, duly elected and qualified, and that full faith and credit are due to all his official acts as such.   Given under my hand this 21st day of July, A. D. 1853.

"BRAXTON DAVENPORT."

" STATE OF VIRGINIA, ⎫
" JEFFERSON COUNTY, ⎬ *ss.*
                   ⎭

"I, Thomas A. Moore, clerk of the County Court of the said county of Jefferson, in the State of Virginia (which said court is a court of record under the laws of Virginia), do hereby certify that the deed to which this certificate is attached, being a deed of conveyance, executed by John Stephens, of Jefferson county, Virginia, bearing date the first day of December, 1818, and conveying the north-east one-quarter section twenty-six, township four north, in range seven west, in the tract appropriated by acts of congress for military bounties, to one Robert Fultoz, and which said deed was acknowledged by the said John Stephens before Robert Gates Hite, clerk of the County Court of said county of Jefferson, first on the 26th day of April, 1819, and afterward again on the 24th day of April, 1820, on both occasions in open court, as appears by the certificate and indorsements of the said Robert Gates Hite thereon, who was clerk of said court at both of said last mentioned dates, is executed, acknowledged and certified in conformity with the laws of the State of Virginia, as they existed and were in force on the first day of December, 1818, the date of said deed, and on the 26th day of April, 1819, and on the 24th day of April, 1820, the time of such acknowledgments, and that said deed, under the laws of the State of Virginia, if it had conveyed lands in said State, would be entitled to be read in evidence in all courts of said State, without any further or different proof of the execution.

"Given under my hand and a scroll, instead of the seal of the said court, at my office in Charlestown, in said [L. S.] county, this 12th day of February, 1864, the said court having no seal.

"THOS. A. MOORE, *Clerk.*"

(Stamp attached, 5 cents.)

" STATE OF KENTUCKY, } *ss.*
     " BOONE COUNTY.      }

     " This day personally appeared before the undersigned, clerk
of the County Court of said Boone county, which court is a
court of record under the laws of Kentucky, having a seal, Lee
M. Fulton and James F. King, two competent and credible
witnesses, to me personally known, who, being by me severally
sworn according to law, did each depose and say, that they
personally knew the handwriting of John Stephens, the grantor,
and James Fulton, one of the subscribing witnesses to the
annexed · deed, and that they well knew the signatures of
each of them, having frequently seen them and each of them
write, and from having seen writings recognized by them as in
their handwriting ; and that they each believe the names of
such grantor and subscribing witness to the deed aforesaid
were thereto subscribed by the said John Stephens, the grantor,
and the said James F. King, the subscribing witness, respect-
ively, and that the said John Stephens, the grantor, and the
said James Fulton and Robert Y. Jack, two of the subscribing
witnesses to such deed, are dead, and that the other subscrib-
ing witness, John Carlisle, when last heard from, went to
Kanawha, in the State of Virginia, which was in the year 1822,
which to me affords sufficient evidence of the due execution of
said deed.

     " In testimony whereof, I have hereunto set my hand and
          affixed the seal of said County Court at my office in
[L. S.]  Burlington, in said county of Boone, in the State of
          Kentucky, April 21st, 1864.

                              " LEWIS W. WEBB, *Clerk,*
                                   " By EDW'D WEBB, *D. C.*"
(Stamp attached, 5 cents.)

     The deed was recorded July 27, 1854.   The defendant
objected to the same being read in evidence for want of suffi-
cient proof of its execution, and because the certificate of con-
formity of date, 12th February, 1864, was insufficient, and not
under the seal of any court.   The only seal thereto is as fol-
lows :   " [L. S.] "

But the court received the deed in evidence, and the defendant excepted.

The plaintiff then offered in evidence a deed for the premises in controversy, from John P. Brown and Mary Elizabeth, his wife, to the plaintiff, dated 29th July, 1859.

Testimony was introduced to show that Mary Elizabeth Brown was the sister of the plaintiff, and the daughter and one of the heirs at law of Robert Fulton.

The defendant read in evidence a deed for the premises from John Stephens to Harrison Dills, dated October 4, 1852, and recorded 23d November, 1852, and a deed from Dills to the defendant, dated August 28, 1855.

The defendant also proved the execution of, and offered in evidence, the following tax deed:

" *The Clerk of the County Commissioners' Court of Hancock county, in the State of Illinois, to all who shall see these presents, greeting:*

"Know ye, that whereas the clerk did, on the 8th day of March, A. D. 1837, at the court-house, in the town of Carthage, in said county of Hancock, in conformity with all the requisitions of the several acts in such cases made and provided, and particularly an act entitled 'An act concerning the public revenue,' approved 27th February, 1833, expose to public sale a certain tract of land, being the north-east quarter of section twenty-six (26), in township four (4) north, in range seven (7) west of the fourth principal meridian, for the sum of one dollar and twenty cents, being the amount of road tax for the year 1836, chargeable on said tract of land; and, whereas, at the time and place aforesaid, Benjamin Clark offered to pay the aforesaid sum of money for 160 acres, which was the least quantity bid for; and the said Clark having paid the said sum of one dollar and twenty cents into the hands of the said clerk, I have granted, bargained and sold, and by these presents, as clerk of the County Commissioners' Court of the county aforesaid, do grant, bargain and sell, the whole of the north-east quarter of section twenty-six of township four north, in range

seven, west of the fourth principal meridian, to Benjamin Clark. To have and to hold said tract of land to the said Clark and his heirs forever. Subject, however, to all the rights of redemption provided for by law.

"In testimony whereof, the said clerk has hereunto subscribed his name, and affixed the seal of said court at [L. S.] Carthage, this 24th day of July, A. D. 1841.

"SAMUEL MARSHALL,<br>"<i>C. H. C. C. C.</i>"

The plaintiff objected to the deed being read in evidence, and the court sustained the objection, to which ruling exception was taken.

The defendant then read in evidence a deed for the same land from Benjamin Clark to the defendant, dated 28th July, 1856.

Some other evidence was introduced, but is not important to be presented here, in the view taken of the case by the court.

The issue was found for the plaintiff, and judgment was entered accordingly. The defendant brings the cause to this court for review.

Messrs. SKINNER & MARSH, for the appellant, contended that an inspection of the deed from John Stephens, introduced by the plaintiff below, would show the grantee therein was Robert *Fultoz*, and not Robert *Fulton*, as insisted by the appellee. Furthermore, that the deed was not properly authenticated: the certificate of conformity should have been under the *seal of the court;* the statute does not contemplate that the proof and certificate, under the twentieth section of the conveyance act, can be made in a State foreign to the State where the deed is *executed,* and to the State where the land lies; the certificate of proof improperly describes *James F. King* as one of the subscribing witnesses to the deed. Even if this be a mistake of the officer, the court cannot, by intendment or otherwise, correct it. 19 Ill. 399, 401; 23 id. 634; 30 id. 108. The absence of the subscribing witness, Carlisle, is not suficiently accounted for.

Counsel contended it did not sufficiently appear from the evidence that the plaintiff below, and his sister, Mary Elizabeth Brown, were the sole heirs of Robert Fulton, which must appear in order to show that the plaintiff held the entire estate in the land sought to be recovered.

The tax deed offered by defendant below was improperly rejected; the deed itself was sufficient evidence of title to authorize a recovery in ejectment. 1 Gilm. 160, 630; 2 id. 473; act. 19 Jan. 1829, §§ 9, 11; Stat. Laws of Ill. 1839, 572.

Mr. W. H. MANIER, for the appellee, insisted that the certificate of proof of the execution of the deed from Stephens to Fulton was sufficient, citing *Wiley* v. *Bean*, 1 Gilm. 302; *Job* v. *Tibbetts*, 4 id. 143; 5 id. 376; *Delaney* v. *Burnett*, 4 id. 454; *Reece* v. *Allen*, 5 id. 236; *Newsom* v. *Luster*, 13 Ill. 185.

The tax deed offered in evidence by the defendant below was properly rejected. No proof was given that any of the prerequisites of a valid sale had been complied with.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

After a careful inspection of the original deed read in evidence in this case, we see that the name in the body of the deed is Fulton. It is true, the scrivener who drafted it, formed the final letter in the name as most persons form the last letter of the alphabet; but an examination of the deed shows that in other words terminating in the letter "n," that letter is formed in the same way. Were it not for this fact, it might leave the mind in some doubt as to the name; but seeing that the same letter when final in other words was formed in the same way, all doubt is removed. The court below, therefore, committed no error in permitting this deed to be read in evidence.

It is insisted that the deed from Stephens, the patentee, to Fulton, was not sufficiently authenticated to entitle it to be read in evidence. There was an attempt to acknowledge this deed before the County Court of Jefferson county, in the State

of Virginia, on the 26th day of April, 1829, to which the clerk of that court certifies on the 28th day of September, in the same year. The presiding justice of that court also certifies that the clerk was duly elected, and that his attestation is in form. Moore, a clerk of the same court, on the 11th day of July, 1853, certifies to the official character of the former clerk, on the 28th of September, 1819; and the presiding justice, on the same day, certifies to Moore's official character. Then follows a certificate of conformity to the laws of Virginia, in which Moore states that the certificates of acknowledgment of April 26, 1819, and of the 24th of April, 1820, are in conformity to the laws of Virginia, as they existed on the 1st day of December, 1818, the date of the deed, and on the 20th day of April, 1819, and on the 24th day of April, 1820, the dates of the acknowledgment.

This certificate of conformity is not under the seal of the court; but a scroll is attached, which the clerk states is used instead of the seal of the court, which had been lost. The statute declares the seal to the certificate to be an authentication sufficient to entitle the certificate to be received. Having adopted this mode of authentication, we must conclude that it was intended the seal of the court must be attached, and that a scroll or private seal of the clerk could not be substituted. If a scroll might be adopted in place of the seal of the court, there would be no security against fraudulent certificates of that character. There is also annexed to the deed this certificate:

"State of Kentucky,  
"Boone County,      } *ss.*

"This day personally appeared before the undersigned, clerk of the County Court of said Boone county, which court is a court of record under the laws of Kentucky, having a seal, Lee M. Fulton and James F. King, two competent and credible witnesses to me personally known, who being by me severally sworn according to law, did each depose and say that they personally knew the handwriting of John Stephens, the grantor, and James Fulton, one of the subscribing witnesses to the

annexed deed, and that they well knew the signatures of each of them, having frequently seen them and each of them write, and from having seen writings recognized by them as in their handwriting; and that they each believe the names of such grantor and subscribing witness to the deed aforesaid were thereto subscribed by the said John Stephens, the grantor, and the said James F. King, the subscribing witness, respectively, and that the said John Stephens, the grantor, and the said James Fulton and Robert Y. Jack, two of the subscribing witnesses to such deed, are dead, and that the other subscribing witness, John Carlisle, when last heard from, went to Kanawha, in the State of Virginia, which was in the year 1822, which to me affords sufficient evidence of the due execution of said deed.

"In testimony whereof, I have hereunto set my hand and affixed the seal of said County Court at my office in [L. S.] Burlington, in said County of Boone, in the State of Kentucky, April 21st, 1864.

"LEWIS W. WEBB, *Clerk,*

(Stamp attached, 5 cents.) "By EDW'D WEBB, *D. C.*"

The objection urged against the form of this certificate is, that the clerk refers to James F. King as a subscribing witness when he was not such a witness. It, however, appears that King was one of the witnesses by whom the handwriting of the grantor and subscribing witnesses was proved. This was manifestly a clerical mistake, and cannot vitiate the certificate if in other respects sufficient.

It is, however, insisted that the witnesses fail to state that Carlisle was dead at the time of making the proof. They state that the other two subscribing witnesses were dead, and that Carlisle, in 1822, had gone to Kanawha, which was the last they had heard of him. Under the twentieth section of our conveyance law, which authorizes proof to be made of the execution of deeds of conveyance, it is declared that, when the person executing such deed, and the subscribing witnesses, are dead or cannot be had, the officer may take proof of the hand-

writing of such deceased party and subscribing witness or witnesses; and a competent and credible witness, who shall state, on oath or affirmation, that he personally knew the person whose handwriting he is called to prove, and he well knew his signature, stating his means of knowledge, and that he believes the name of such person subscribed to such deed, as a party or a witness, was thereto subscribed by such person, shall be sufficient. These witnesses prove the signatures, and they also state a sufficient means of knowing their handwriting.

The absence of Carlisle, the other attesting witness, seemed to be sufficiently accounted for by the proof. The last they had known or heard of him was more than forty years previous to that time. We may safely infer that after a lapse of forty years without friends and acquaintances hearing from a witness, he cannot be had. This seems to have been the view of the officer taking the proof; and we think he was warranted in the conclusion at which he arrived. This we think was proper proof of the execution of the deed, and the court committed no error in admitting it in evidence.

Appellee introduced in evidence the deposition of C. H. H. Brown, who testified that he knew Robert Fulton from 1811 till the time of his death, which was between 1836 and 1840; that he knew all of the family of Robert Fulton, and there survived him only appellee and his sister, Mary Elizabeth, who was married at the time of his death; that his only surviving heirs are appellee and his sister, Mary Elizabeth.

Robert H. Humphries testified that he had known plaintiff from boyhood, and knew his father Robert Fulton from his boyhood until his death, which was a year or two prior to 1842; that he knew the wife of Robert Fulton, who died before he did; that he also knew plaintiff and his sister, Mary Elizabeth; that they were the only children who survived their father; that he knew that Mary Elizabeth was married.

While the evidence proves that appellee and his sister are the children, and are heirs of Robert Fulton, it by no means proves that they are the only heirs. They are proved to be his only children who survived him, but, for aught that appears, he may

have had children who died before he did, leaving children who were also heirs with his surviving children. Because the witnesses have said that these persons are the only surviving heirs, it does not follow that such is the law. They should state who are his children, and whether he left grandchildren surviving him, and leave the law to determine who are the heirs. Had the proof shown that these were the only children he ever had, or that other children had died leaving no children, or husbands, or wives, then the law would declare them to be the only heirs. The proof fails to show this, and is insufficient. It shows that he had other children, but fails to show that they died unmarried, or without lawful issue.

It is insisted, that the deed from John P. Brown, and Mary Elizabeth, his wife, is not shown to be from appellee's sister to him. C. H. H. Brown testifies that appellee's sister's name was Mary Elizabeth Follow, as written by the clerk, but we suppose it should have been Fulton; and she was married, but he does not state to whom. But Humphrey states that she was married to Plyton Brown. Now we fail to see any discrepency in the name. The witness states that she was married to Plyton Brown, and John P. Brown signs the deed, and is described in it as the husband of Mary Elizabeth, the sister of appellee. It may be reasonably inferred that John P. and Plyton Brown are one and the same person.

Appellant insists that the court erred in rejecting his tax deed as evidence on the trial. It was obtained under a sale of the land for the road tax of the year 1836, the sale for the collection of which was made in 1837, by the county clerk. He failed to show that the prerequisites of the statute had been complied with so as to authorize the sale. The act of 1835, in regard to road tax, under which this sale was made, does not declare the deed to be *prima facie* proof of the regularity of the sale, or that the requisite steps had been taken to authorize it. Nor was the deed offered as color of title; and until the preliminary proof of a compliance with the statutory requirements had been made, the deed could not be read as evidence

of title.   The court below, therefore, committed no error in rejecting this deed as evidence.

But, for the reasons indicated, the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*